AUG 8 2025 PM12:32
FILED - USDC - FLMD - FTM

DOUGLAS P KEATING JR
3823 TAMIAMI TRAIL EAST 125
NAPLES, FLORIDA 34112

UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF FLORIDA FORT MYERS DIVISION

**DOUGLAS P. KEATING JR.,**

Plaintiff,

v.

**COLLIER COUNTY, FLORIDA;**
**COLLIER COUNTY SHERIFF'S OFFICE;**
**SHERIFF KEVIN RAMBOSK, in his official capacity;**
**OFFICER CHRISTOPHER A. KARAM, individually and in his official capacity;**
**JOHN DOE OFFICERS 1-4, individually and in their official capacities;**
**AND ANY ADDITIONAL INDIVIDUALS OR ENTITIES LATER IDENTIFIED,**

Defendant(s)

2:25-CV-598-JES-KCD

**Case No.:** (To be assigned)

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Douglas P. Keating Jr., brings this civil rights action under 42 U.S.C. § 1983 and Florida law against the above-named Defendants, including presently unknown individuals to be identified during discovery, and alleges as follows:

## INTRODUCTION

1. This is a civil rights action for damages, declaratory relief, and injunctive relief arising from the use of excessive force and deliberate indifference to serious medical needs by corrections officers at the Collier County Jail.
2. Plaintiff was violently assaulted while restrained, despite posing no threat, and then denied urgent medical care until release. The assault included blows to the head, torso, and genitals, resulting in

documented injuries, including a fractured rib, head trauma, and abnormal laboratory results consistent with blunt force trauma.

3. Plaintiff seeks relief under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and Florida law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in Collier County, Florida.

**PARTIES**

6. Plaintiff, Douglas P. Keating Jr., is a resident of Naples, Florida, and at all relevant times was a pretrial detainee at the Collier County Jail.

7. Defendant Collier County is a political subdivision of the State of Florida responsible for funding and oversight of jail operations.

8. Defendant Collier County Sheriff's Office operates the jail and employs the corrections officers involved in the events described herein.

9. Defendant Kevin Rambosk, sued in his official capacity as Sheriff, is responsible for the training, supervision, and discipline of corrections officers.

10. Defendant Christopher A. Karam is a corrections officer who, while acting under color of law, personally assaulted Plaintiff.

11. Defendants John Doe Officers 1-4 are corrections officers whose identities are presently unknown but who participated in or failed to intervene in the assault on Plaintiff. Plaintiff reserves the right to amend this Complaint to name these officers once identified.

12. All Defendants acted under color of law at all relevant times.

**FACTUAL ALLEGATIONS**

13. On August 1, 2025, Plaintiff voluntarily surrendered to the Collier County Jail at approximately 8:46 p.m.

14. Plaintiff had already posted bond before arriving. However, corrections staff either intentionally or mistakenly told the bondsperson that Plaintiff would need to appear before a judge.

15. Plaintiff never saw a judge and was released without an appearance at approximately 9:15 a.m. on August 2, 2025.

16. Between 2:00 a.m. and 3:00 a.m. on August 2, 2025, while restrained in a holding cell, Plaintiff was assaulted by multiple corrections officers.

17. Defendant Officer Karam was observed delivering two closed-fist punches directly to Plaintiff's genitals.

18. Plaintiff was also struck in the head and torso, including the back of the head, resulting in bleeding, bruising, and later-confirmed rib fracture.

**18A.** The manner, location, and intensity of the strikes were not calculated to gain compliance or control but to inflict severe bodily harm. The targeting of vulnerable areas — including the genitals, head, and ribcage — is consistent with force designed to cause maximum injury, significant internal damage, and, in some cases, fatality. Such tactics have no legitimate correctional purpose and are inherently dangerous to life.

19. The assault was not necessary to restrain Plaintiff or maintain security — Plaintiff was compliant and restrained. The force was applied to cause harm.

20. Following the assault, Plaintiff was left restrained on a holding cell floor covered with what appeared to be toilet water, while visibly injured and in pain.

21. Plaintiff repeatedly requested medical attention, but was denied until after release.

22. Upon release, Plaintiff immediately sought medical care, including an initial consultation with Fire/EMT personnel and emergency room intake at 12:36 p.m.

23. Emergency room records from August 2, 2025, document bruising to the left forehead, chest wall tenderness, elevated Blood Urea Nitrogen (BUN) level of 25 mg/dL (normal range 7-18), and low eosinophil count (<0.03). Elevated BUN and low eosinophils can be caused by blunt force trauma.

24. The ER visit on Aug 2nd resulted in a $4,273 bill.

25. On August 8, 2025, Plaintiff returned to the ER with persistent pain and dizziness. A CT scan confirmed an acute displaced fracture of the left 8th rib, along with signs of head injury and additional chest wall tenderness.

26. These injuries are consistent with Plaintiff's account of being struck while restrained.

**LEGAL STANDARD FOR USE OF FORCE VS. FORCE ALLEGED**

Under well-established Fourth and Fourteenth Amendment jurisprudence, the relevant inquiry is whether the force used was objectively reasonable under the circumstances, not whether the officer acted with a particular subjective intent. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

In the Eleventh Circuit, it is clearly established that striking a restrained and non-resisting detainee constitutes excessive force. *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008). Further, repeated or gratuitous applications of force—particularly to sensitive areas such as the head, torso, or genitals—are not justified by legitimate law enforcement objectives and fall outside the bounds of constitutional protection. *See Buckley v. Haddock*, 292 F. App'x 791, 794 (11th Cir. 2008).

Florida law also recognizes that while law enforcement officers are generally permitted to use force in the performance of their duties, the use of "clearly excessive" force constitutes a battery. Courts in Florida have held that physical injuries sustained by a restrained individual may support such a claim. *See City of Miami v. Sanders; Davis v. Williams.*

Here, Plaintiff alleges—and contemporaneous medical documentation supports—that while Plaintiff was restrained, officers applied the following force:

- Closed-fist punches to the genitals
- Blows to the head resulting in visible bruising
- Strikes to the torso causing a fractured rib and internal physiological effects

Such conduct, if proven, cannot reasonably be interpreted as necessary to maintain control or ensure safety. Rather, it constitutes excessive force prohibited under the Constitution and, under Florida law, constitutes battery.

## CAUSES OF ACTION

**Count I – Excessive Force (42 U.S.C. § 1983)**

Defendants used objectively unreasonable and excessive force against Plaintiff while he was restrained and posed no threat. The force was applied maliciously and sadistically to cause harm, resulting in serious injury.

**Count II – Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983)**

Defendants were aware of Plaintiff's serious medical needs following the assault but deliberately failed to provide timely treatment, causing unnecessary pain and worsening injury.

**Count III – Failure to Intervene (42 U.S.C. § 1983)**

At least one officer present had the opportunity and means to intervene to stop the assault but failed to do so.

**Count IV – Municipal and Supervisory Liability (42 U.S.C. § 1983)**

The constitutional violations were the result of policies, customs, or practices of Collier County, the Sheriff's Office, and Sheriff Rambosk, including inadequate training and tolerance of excessive force.

**Count V – Battery (Florida Law)**

The physical assault against Plaintiff was intentional, harmful, and offensive, and was not legally justified.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages in an amount to be proven at trial;
2. Award punitive damages against the individual Defendants;
3. Award special damages, including $4,273 in medical expenses and any future related costs;
4. Grant declaratory and injunctive relief to prevent future similar misconduct;
5. Award costs and, if later represented, attorney's fees under 42 U.S.C. § 1988;
6. Grant leave to amend this Complaint as additional facts and parties become known;
7. Award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Respectfully submitted,

**DOUGLAS P KEATING JR**
3823 Tamiami Trail East #125
Naples, FL 34112
(561) 913-5777
DKEATS99@GMAIL.COM
Plaintiff, Pro Se
Dated: August 8, 2025

AUG 8 2025 PM12:32
FILED - USDC - FLMD - FTM

**DOUGLAS P KEATING JR**
3823 Tamiami Trail East #125
Naples, FL 34112
(561) 913-5777
**dkeats99@gmail.com**

August 8, 2025

**Clerk of Court**
U.S. District Court
Middle District of Florida
Fort Myers Division
2110 First Street
Fort Myers, FL 33901

**RE: Initial Filing – Civil Rights Action (§ 1983)**

**Plaintiff:** Douglas P. Keating, Jr.

**Defendants:** Collier County, Florida; Collier County Sheriff's Office; Sheriff Kevin Rambosk; Officer Christopher A. Karam; John Doe Officers 1–4; and any additional individuals or entities later identified

Dear Clerk of Court:

Enclosed please find the following documents for filing in the above-captioned matter:

1. **Complaint for Damages and Injunctive Relief** (with jury demand)
2. **Motion to Preserve and Produce Evidence**
3. **Motion to Proceed In Forma Pauperis** (with Motion to Seal)
4. **Motion for Leave to File Electronically**
5. **Civil Cover Sheet (JS 44)**
6. **Summonses** for all named Defendants

Please file these documents and return any file-stamped copies in the enclosed self-addressed stamped envelope. If there are any issues with the filing, please contact me at the phone number or email above.

Thank you for your time and assistance.

Respectfully,

Douglas P. Keating, Jr.
Plaintiff, Pro Se