UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS P. KEATING JR.,

        Plaintiff,

    v.                                                         Case No. 2:25-cv-598-JES-KCD

COLLIER COUNTY, FLORIDA,
COLLIER COUNTY SHERIFF'S
OFFICE, SHERIFF KEVIN
RAMBOSK, IN HIS OFFICIAL
CAPACITY; OFFICER
CHRISTOPHER A. KARAM,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY; OFFICERS
JOHN DOE 1-4, INDIVIDUALLY
AND IN THEIR OFFICIAL
CAPACITIES; and  ANY
ADDITIONAL INDIVIDUALS OR
ENTITIES LATER IDENTIFIED,

        Defendants.

_____/

## **ORDER**

    Plaintiff Douglas P. Keating Jr., proceeding without a lawyer, has filed three motions. First, he moves the Court to direct Defendants to preserve and produce evidence (Doc. 2.)[1] As a general matter, federal courts "may issue preservation orders as part of its inherent authority to manage its own

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

proceedings." *See Arkin v. Gracey-Danna, Inc.*, No. 8:16-cv-1717-T-35AAS, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016).

In determining whether to issue a preservation order, some courts employ a "two-prong test," requiring the movant to demonstrate that the order is (1) "necessary" and (2) "not unduly burdensome." *Id.* Other courts employ a "three-factor balancing test," which considers: (1) "the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence"; (2) "any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation"; and (3) "the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." *Id.*

Plaintiff fails to make an adequate showing under either test. He does not demonstrate a risk that existing and relevant evidence is in danger of being destroyed, or was in danger of being destroyed at the time he filed the motion. As for any request for production, Defendants have not yet been served or appeared, so that request is premature.

Next, Plaintiff moves to file a motion to proceed *in forma pauperis* ("IFP") under seal, and the Clerk has provisionally sealed it. (Docs. 3, 3-1.) A court has

discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause can overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the reviewing court must balance the interest in public access against a party's interest in keeping the material confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Plaintiff has not shown good cause. He alleges that sealing is necessary to protect personal and financial information in the IFP application. But such a generalized assertion does not overcome the presumption of public access and fails to comply with Local Rule 1.11's requirements. In any event, "general

concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access." *Wimberly v. Experian Info. Sols.*, No. 1:18-CV-06058-MKV, 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021); *see also Tater-Alexander v. Amerjan*, No. 1:08-cv-00372, 2008 WL 961234, at *2 (E.D. Cal. Apr. 4, 2008) ("An application to proceed [IFP] is not within the narrow range of matters, such as records of grand jury proceedings, traditionally sealed because of important policy reasons.").

Litigants, like Plaintiff, who wish to proceed "without prepayment of fees or security therefor" must file an IFP application that establishes they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). While the privilege of proceeding IFP does not require a party to show absolute destitution, something more than a statement of poverty is required. An IFP applicant must show an inability to prepay fees and costs without foregoing the basic necessities of life. *See Rivera v. Saul*, No. 21-CV-60468, 2021 WL 1723607, at *1 (S.D. Fla. Mar. 16, 2021).

For the Court to properly assess whether Plaintiff meets this standard, he must complete and file a detailed IFP application (AO Form 239). AO Form 239 can be found on the Court's website. Alternatively, Plaintiff may pay the filing fee.

Finally, Plaintiff moves for access to the Court's electronic filing system. (Doc. 4.) "Pro se litigants are generally denied access to electronic filing unless

extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigants). No extenuating circumstances have been shown here. As a pro se party, Plaintiff can receive notices of electronic filing to his email, which he has provided.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Preserve and Produce Evidence (Doc. 2) is **DENIED**.

2. Plaintiff's Motion to Seal (Doc. 3) is **DENIED**. The Clerk is **DIRECTED** to unseal Plaintiff's motion and exhibit (Docs 3, 3-1).

3. By **September 14, 2025**, Plaintiff must complete and file a long-form IFP application (AO Form 239), which is available on the Court's website. Alternatively, by that date, Plaintiff may pay the filing fee.

4. Plaintiff's Motion for Electronic Filing (Doc. 4) is **DENIED**. The Clerk is **DIRECTED** to add Plaintiff's email address, dkeats99@gmail.com, to the docket and to send notices of electronic filing to this email address.

**ENTERED** in Fort Myers, Florida on August 14, 2025.

5

Kyle C. Dudek
United States Magistrate Judge